**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RONNIE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-150-PLC |
| ) | |
| JASON WATERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Ronnie Allen, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion and assesses an initial partial filing fee of $6.46. Additionally, for the reasons discussed below, the Court provides plaintiff an opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, a court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner forwards these monthly payments to the clerk of court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $32.33 and an average monthly balance of $10.24. The Court therefore assesses an initial partial filing fee of $6.46, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

A court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," a court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Courts are neither required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor interpret procedural rules to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against five Missouri Department of Corrections ("MDOC") employees: Investigator Jason Waters, Warden Richard Adams, Case Worker Unknown Linton, and correctional officers Unknown Dixon and Unknown Tarrant. Plaintiff sues the defendants in their official and individual capacities.

In setting forth his claims, plaintiff alleges: "Defendant[]s individually and collectively knowingly willingly and maliciously violate[d] my [Eighth Amendment] right to be free from cruel and unu[]sual punishment by putting plaintiff thr[ough] mental anguish and false imprisonment by retaliating against plaintiff." (ECF No. 1 at 3). In support, plaintiff describes events that occurred in November 2019, December 2019, April 2020, "Summer 2020," September 2020, and "Oct 28th." *Id.* at 3, 5. He further provides as follows:  In November 2019, Waters took plaintiff into a bathroom, told him to strip naked, put a flashlight in his mouth, and "started choking" him. *Id.* at 5. Plaintiff asked Waters why he did that, and Waters told plaintiff he would find out sooner or later. Next, plaintiff alleges that in December of 2019, Tarrant falsely accused

3

plaintiff of making alcohol, told plaintiff to "look out," and said plaintiff should not have sued Tarrant's former co-workers. *Id.* Plaintiff claims Linton found plaintiff guilty even though he was innocent and there was no evidence, and "falsified documents so that plaintiff could not prove his innocence." *Id.* Finally, plaintiff alleges that Waters "refused to test what plaintiff was suppose[d] to be in poss[ession] of." *Id*.

Plaintiff further asserts that in April 2020, Waters "falsified state documents," and "over the summer" told plaintiff to give him information or plaintiff would "continue to pay for suing his co-workers friends." *Id.* In "Summer 2020," plaintiff spoke to Adams and complained he was suffering retaliation, and Adams used racial epithets and said "as long as he's warden this will continue to happen." *Id.* Adams also "denied every grievance that [plaintiff] filed," sent plaintiff to "level 5" even though he was "level 1," and plaintiff was "almost raped." *Id.* In September 2020, according to plaintiff, Linton told plaintiff he belonged in administrative segregation because he filed "paperwork on staff," and did not deserve to go home. *Id.* Finally, plaintiff alleges that on "Oct 28th," a correctional officer planted fake drugs in plaintiff's cell. Plaintiff seeks monetary relief.

**Discussion**

The Court first addresses plaintiff's official-capacity claims. A suit against a public official in his or her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, the defendants are employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr*., 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities.  *Nix v. Norman*, 879 F.2d

4

429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that a § 1983 damages claim against a state official acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a "person" capable of being sued). Accordingly, plaintiff's official capacity claims for damages are subject to dismissal.

With respect to plaintiff's individual-capacity claims, although not entirely clear, it appears plaintiff contends that Waters used excessive force against him, in violation of his Eighth Amendment rights, in the course of conducting a search of his person. However, plaintiff's allegations are not sufficient to "nudge" an Eighth Amendment excessive force claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Plaintiff's remaining allegations either do not describe conduct that invades a federally-protected right or are the type of legal conclusions and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). To avoid dismissal, plaintiff is required to allege facts describing how each individual defendant violated his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights").

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

5

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. Unrelated claims against different defendants belong in different lawsuits, partly to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant may be valid.

The Court provides plaintiff an opportunity to file an amended complaint to clearly set forth his claims. Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff is advised that an amended complaint replaces the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

In the "Caption" section of the complaint form, plaintiff is required to write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all

6

the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should write the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). As noted above, if plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how a defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical*

7

*Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, plaintiff appears able to represent himself.  More specifically, neither the instant motion nor the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, based upon the present record, the Court is unable to conclude that plaintiff has stated a non-frivolous claim.  Therefore, at this time, and on the present record, the Court denies the motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $6.46.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2022