UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-150-PLC |
| | ) |
| JASON WATERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Ronnie Allen, an inmate at the South Central Correctional Center (SCCC) who is proceeding *pro se* and *in forma pauperis*. For the reasons explained below, the Court will dismiss defendant Unknown Linton from this case, and will direct the Clerk to effect service of process upon defendants Jason Waters, Unknown Tarrant, and Unknown Dixon.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a

plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Investigator Jason Waters, Correctional Officers Unknown Tarrant[1] and Unknown Dixon, and Case Worker Unknown Linton.  Plaintiff names the defendants in their individual capacities, and identifies

---

[1] Plaintiff alternately spells this defendant's surname as "Tarrant" and "Tarrent."  In this Memorandum and Order, the Court will use the spelling "Tarrant," which is the spelling Plaintiff uses in the caption of the amended complaint.

them as Missouri Department of Corrections ("MDOC") employees. He avers the events giving rise to his claims occurred when he was incarcerated at the Missouri Eastern Correctional Center ("MECC").

Plaintiff begins his statement of claim by stating he previously sued MDOC officials in a prior lawsuit identified as "case # 1:16-CV-00026-SNLJ."[2] (ECF No. 15 at 4). In this Memorandum and Order, the Court will refer to that prior lawsuit as "*Allen I.*" Plaintiff sets forth a myriad of allegations against the four defendants. For purposes of clarity, the Court has organized Plaintiff's allegations for each of the four defendants. Plaintiff alleges as follows.

   1. **Defendant Jason Waters**

In November of 2019, Waters approached Plaintiff, demanded he strip naked, placed a flashlight inside his mouth, said "Ill [*sic*] teach you," and started choking him. *Id.* In January of 2020, Waters refused to test a substance Tarrant found in Plaintiff's cell, even though he knew it was fruit punch. In April of 2020, Waters "falsified a state document" that resulted in Plaintiff serving time in administrative segregation, and "lied" about conducting a field test. *Id.* at 5.

On June 16, 2020, Waters threatened Plaintiff that he "would continue to pay for lawsuit" unless he gave Waters unspecified information. *Id.* Later, after Plaintiff refused to provide unspecified information, Waters "wrote a violation for Plaintiff that placed" him back in Administrative Segregation. *Id.* at 6. At an unspecified time, Waters "falsified a Missouri State

---

[2] Independent review of the publicly-available records in that matter, *Allen v. Mills, et al.*, No. 1:16-CV-26-SNLJ (E.D. Mo. 2019) (hereafter "*Allen 1*"), shows that Plaintiff filed a civil rights complaint against more than twenty MDOC employees to assert claims related to events that occurred when he was incarcerated in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). After frivolity review, the claims before the Court were claims for failure to protect, excessive force, and inhumane conditions of confinement involving three separate incidents. The parties participated in Alternative Dispute Resolution, and on January 3, 2020, the Court was advised that the parties had achieved a settlement. The parties filed a Joint Stipulation of Dismissal on January 31, 2020, and on that same date, the Court ordered the matter dismissed. This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

document and said on paper 'September 2020' that Missouri Highway Patrol had tested documents and those documents came back positive." *Id.*

In December of 2020, Waters "falsified a violation" when he issued Plaintiff a conduct violation "for escape assesory [*sic*] due to a inmate [*sic*] taking [Plaintiff's] clothes off the floor," and "violated Missouri DOC Policy and Procedure" by omitting the inmate's name from the violation. *Id.*

### 2. Defendant Unknown Tarrant

On December 25, 2019, Tarrant searched Plaintiff's cell "and then wrote a falsified violation and sent the Plaintiff to Administrative Segregation." *Id.* at 5. Plaintiff can be understood to allege he did not commit a violation. After Plaintiff was released from segregation, Tarrant told him he "should of [*sic*] never filed that law suit, now you [*sic*] going to pay. Waters told me what you did." *Id.*

### 3. Defendant Unknown Linton

In April of 2020, Linton refused to give Plaintiff a grievance, told Plaintiff "this is your last warning stop filing paperwork and lawsuits on staff." *Id.* "Linton then falsified Plaintiff Missouri D.O.C. Informal Resolution Request form by forging my initials and marked resolved by discussion/withdrawn, and refused to allow me to go into the grievance stage." *Id.* Linton also violated MDOC policy and procedure by finding Plaintiff guilty of a violation and lying by saying that Plaintiff admitted to possession. Plaintiff also alleges that "caseworker" (presumably a reference to Linton) told him that test results did not exist. *Id.* at 6.

### 4. Defendant Unknown Dixon

On October 28, 2020, Dixon searched Plaintiff's cell, and said: "Waters told me what you did and [I'm going to] make sure you don't file another lawsuit." *Id.* Dixon then searched

4

Plaintiff's cell and found nothing, and "then went somewhere and came back with a brown bag. When Plaintiff ask [*sic*] Dixon what was in the bag Dixon said it was a surpri[s]e, and Dixon entered Plaintiff cell." *Id.* Dixon then claimed he found dangerous contraband in Plaintiff's cell, and issued a major violation. The violation was later "dropped down to a minor violation for not having desposition [*sic*] of evidence." *Id.*

### 5. Other Allegations

Plaintiff avers he filed a grievance and a grievance appeal concerning the facts relating to the amended complaint, but was denied relief. Plaintiff left blank the section of the form amended complaint provided for him to explain any reasons he did not file a grievance. Provided with the amended complaint is a copy of a February 7, 2020 Offender Grievance Appeal filed by plaintiff and marked "Reprisal." *Id.* at 15. In the document, Plaintiff stated he previously filed a lawsuit, and was being "treated differently" by "M.E.C.C. staff" and "certain staff members at M.E.C.C." *Id.*

Plaintiff describes his injuries as depression, "anxiety attacks, Cluster B, R/O paranoid personality" and mental anguish. *Id.* at 8. He states he was prescribed mental health medication. He seeks monetary relief.

### Discussion

### 1. Defendant Jason Waters

Accepting as true Plaintiff's allegations that Waters choked him with a flashlight after demanding he strip naked and stating "I'll teach you," the Court concludes that Plaintiff has adequately alleged a plausible excessive force claim against Waters. *See Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it

5

maliciously and sadistically"). The Court will require Waters to respond to the amended complaint as to this claim.

Plaintiff also alleges that on June 16, 2020, Waters threatened to retaliate against him for filing *Allen I,* and later acted upon that threat by disciplining him. Having liberally construed Plaintiff's allegations and presumed their veracity, the Court finds they sufficiently state a plausible retaliatory discipline claim against Waters. *See Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (Under the Eighth Amendment, a "prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline."). The Court will require Waters to respond to the amended complaint as to this claim.

Plaintiff also alleges that on different occasions, Waters refused to test a substance that was found in his cell, "falsified" vaguely identified documents, and "lied" about conducting a field test. While it appears Plaintiff intends these allegations to assert stand-alone claims against Waters, he offers no factual support or enhancement for them, nor does he link the alleged misconduct with a deprivation of his federally-protected rights. The Court finds that these allegations are no more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). The Court previously explained to Plaintiff the importance of alleging facts in support of his claims for relief, and will not now assume facts he has not alleged. *See Stone*, 364 F.3d at 914.

Plaintiff also alleges that in December of 2020, Waters "falsified a violation" by issuing him a conduct violation for accessory to an escape because another inmate took Plaintiff's

6

clothes off the floor. These allegations also fail to state a plausible claim for relief. It is apparent that Plaintiff believes Waters is liable to him because the violation was undeserved, not because it was issued in retaliation for *Allen I*. However, simply filing false or mistaken disciplinary report does not give rise to a § 1983 cause of action. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (It is well settled that a charging officer's mere filing of a disciplinary report does not give rise to a § 1983 cause of action).

Plaintiff also alleges that Waters violated MDOC policy and procedure when he failed to include the inmate's name on the disciplinary report. This assertion also fails to state a cognizable claim for relief, because the failure to follow prison policy or procedure does not give rise to a § 1983 cause of action. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

### 2. Defendant Unknown Tarrant

Plaintiff alleges that on December 25, 2019, Tarrant wrote a false conduct violation, and later revealed he did so in order to retaliate against Plaintiff for filing *Allen I*. Having liberally construed Plaintiff's allegations and presumed their veracity, the Court finds they sufficiently state a plausible retaliatory discipline claim against Tarrant. *See Meuir*, 487 F.3d at 1119 (noting the elements of a prima facie case of retaliatory discipline). The Court will require Tarrant to respond to the amended complaint as to this claim.

### 3. Defendant Unknown Linton

Plaintiff alleges that Linton warned him against filing complaints about staff, altered a grievance document to indicate a resolution, "refused to allow" him to "go into the grievance stage," and "lied." Plaintiff also alleges that "caseworker" told him test results did not exist. However, Plaintiff alleges no facts permitting the inference that Linton actually prevented Plaintiff from using the institution's grievance procedure, or chilled his use of it. To the

7

contrary, Plaintiff avers he filed a grievance and a grievance appeal concerning the facts relating to the amended complaint, and he provides a copy of a grievance appeal he filed to complain about differential treatment by prison staff in general.  Significantly, Plaintiff makes no attempt to allege he was ever actually prevented from using the institution's grievance procedure, and in fact left blank the section of the amended complaint provided for him to explain any reasons he did not file a grievance.

Plaintiff simply fails to allege facts permitting the inference that Linton engaged in any conduct that deprived him of a federally-protected right, as necessary to state a cognizable § 1983 claim.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (describing the elements of a § 1983 claim).  Instead, he again offers the sort of conclusory "the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient, *see Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true.  *See Torti*, 868 F.3d at 671.  To the extent Plaintiff can be understood to claim Linton is liable to him for making a threatening statement, such allegations, standing alone, fail to state a cognizable claim.  *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim"); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983").

Plaintiff also alleges that Linton violated MDOC policy and procedure by finding him guilty despite a lack of evidence.  This allegation fails to state a cognizable claim for relief because the failure to follow prison policy or procedure does not give rise to a § 1983 cause of action.  *See Gardner*, 109 F.3d at 430.  For these reasons, Defendant Linton will be dismissed from this action.

    4.    **Defendant Unknown Dixon**

Plaintiff alleges that on October 28, 2020, Dixon threatened to retaliate against him for filing *Allen I,* then planted contraband in his cell and issued a major violation.  Having liberally construed Plaintiff's allegations and presumed their veracity, the Court finds they sufficiently state a plausible retaliatory discipline claim against Dixon.  *See Meuir*, 487 F.3d at 1119 (noting the elements of a prima facie case of retaliatory discipline).  The Court will require Dixon to respond to the amended complaint as to this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Jason Waters, Correctional Officer Unknown Tarrant, and Correctional Officer Unknown Dixon.

**IT IS FURTHER ORDERED** that defendant Unknown Linton is **DISMISSED** from this action, without prejudice.  A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 2nd day of December, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE